UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN DWAYNE FRAZIER,

        Plaintiff,                      Case Number: 21-11119
                                                     Honorable David M. Lawson

v.

FRED BORCHARD, ANDRE BORRELLO'S,
LEOPOLD BORRELLO, STEPHEN L.
BORRELLO, BRADY E. DENTON,
DANNA B. CARRON, and JAMES L. BORCHARD,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT**

Plaintiff Alvin Dwayne Frazier is a Michigan prisoner serving a sentence for murder and a firearm offense. He filed a complaint in this case under 42 U.S.C. § 1983 against state court judges and lawyers (both defense and prosecution) involved in his conviction. He alleges violations of his First, Fourth, Sixth, and Fourteenth Amendment rights, and he asks that his "judgment," presumably his judgment of conviction, be "set aside" and that the defendants be ordered to pay him money damages. After completing the screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is apparent that the case must be dismissed as frivolous. The plaintiff also has moved to amend his complaint and submitted a proposed amended pleading. However, the amendment does not cure the faults discussed below. The Court will therefore deny the motion to amend the complaint and dismiss the complaint.

I.

In 2008, Frazier pleaded no contest to second-degree murder and possession of a firearm during the commission of a felony. He is serving an aggregate sentence of 17 to 32 years

imprisonment. Frazier's arguments are somewhat difficult to parse, but he appears to contend that his convictions are invalid because he received ineffective assistance from trial and appellate counsel and was denied his right to due process. He maintains that "the trial court elected trial court judges, and prior counsels … knew of conflicts of interest … but failed to conduct inquiries" into the potential conflicts. Compl. at 4, ECF No.1, PageID.4. He bases this argument on familial relationships among judges and counsel involved in his criminal proceeding and maintains that the defendants should have recused themselves from his case because of these conflicts of interest. For example, his court-appointed attorney was the brother of the judge presiding over his trial, defendant Fred Borchard. *Ibid.* Frazier also seems to indicate that family members of the murder victim, Kizzy R. Laury, somehow influenced the state court proceeding.

Frazier additionally references a habeas petition filed in this Court and denied in 2013 by the Honorable Denise Page Hood. *See* Op. & Ord., *Frazier v. Bell*, No. 11-cv-10893 (ECF No. 20). Compl. at 13, ECF No. 1, PageID.13. He appears to challenge the denial of that petition but the exact basis for his challenge is unclear.

Finally, Frazier mentions a false misconduct ticket issued to him in prison based upon contraband planted by corrections officer "Savicke, et al." who is not a named defendant. *Id.* at 14, ECF No. 1, PageID.13. Frazier was found not guilty of the misconduct, but his legal papers were left out, scattered about in other prison areas, and some never returned to him. *Ibid.*

II.

The plaintiff has been granted pauper status at his request, and the initial payment of filing fees has been waived. When a plaintiff asks the Court to waive fees and costs because he cannot afford to pay them, the Court must screen the case for merit. The Prison Litigation Reform Act (PLRA) requires the Court to dismiss a prisoner's complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The same screening is required when the complaint seeks redress against government entities, officers, and employees. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, the plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, the plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

However, where a plaintiff's primary request for remedy is to be relieved of his conviction and sentence, as here, a civil action under section 1983 is not an allowable alternative to the "traditional remedy of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). That is, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Ibid*.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a prisoner could not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" as long as the underlying conviction remained intact. *Ibid*. at 486. The Court held that such a claim was barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 487.

The prohibition on section 1983 actions to circumvent the exhaustion requirements of habeas petitions extends beyond actions for money damages. *Thomas v. Eby*, 481 F.3d 434, 438

(6th Cir. 2007). "'[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Id*. at 439 (emphasis in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)). Because Frazier does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations against the defendants, which all relate to his criminal prosecution and conviction, are barred. When a civil rights plaintiff seeks to vacate his criminal convictions or reduce his sentence, the complaint is subject to dismissal because the sole remedy for that type of relief is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Preiser*, 411 U.S. at 500.

Frazier's individual capacity claims against defendant Judges Fred Borchard, Andre "Borrello's", Leopold Borrello, and Stephen L. Borrello are also subject to dismissal on the ground of absolute judicial immunity. Judges are entitled to absolute judicial immunity on claims for damages against them in their personal capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." *Ibid*. Absolute judicial immunity may be overcome only (1) when a judge takes nonjudicial action, or (2) when a judge acts in complete absence of all jurisdiction. *Id*. at 12. Frazier's complaint contains no fact that even remotely suggest that either exception applies. Moreover, the 1996 amendments to section 1983 extended absolute immunity to judges for requests for injunctive or equitable relief. 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is

unavailable[.]"). Because Frazier's challenge to his state criminal proceedings involves the performance of judicial duties, the judge defendants are entitled to absolute immunity.

Frazier also referenced a false misconduct ticket issued against him by corrections officer "Savicke, et al." and the related loss of legal papers and books. Compl. at 14, ECF No. 1, PageID.14. Frazier included in his caption a reference to "et al.," but Savicke is not a named defendant in this action and Frazier has not furnished a clue as to whom "et al." refers. It is entirely unclear how these allegations relate to any alleged unconstitutional conduct by the named defendants. As such, any attempt by the plaintiff to assert a First Amendment retaliation claim or a violation of his right of access to the courts must fail because he has not named defendants with any stated relation to either or both of those claims.

### III.

The plaintiff's complaint fails to state a claim for which relief may be granted as to any of the defendants. The proposed amended complaint does not cure the problems identified.

Accordingly, it is **ORDERED** that the motion for leave to file an amended complaint (ECF No. 7) is **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 20, 2021